[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 94-2157

 ALBERT J. CHIMENO,

 Plaintiff, Appellant,

 v.

 DANIEL A. PION, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, Senior U.S. District Judge] 

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges. 

 

Albert J. Chimeno on brief pro se. 
Marc DeSisto, Kathleen M. Powers and DeSisto Law Offices on brief 
for appellees.

 

 October 24, 1997
 

 Per Curiam. Upon review of the parties' briefs and the 

record on appeal, we conclude that there was no abuse of

discretion in the two evidentiary rulings of which plaintiff-

appellant complains.

 In the district court action, plaintiff accused two

Woonsocket, Rhode Island police officers of using excessive

force and of assault and battery during the course of

plaintiff's arrest following an altercation with the officers

during a stop for traffic violations. The jury found for the

defendants.

 In this appeal, plaintiff challenges two evidentiary

rulings of the trial court. Determinations concerning the

admissibility as well as the exclusion of evidence are left

to the sound discretion of the trial court, and this court

will reverse only if the district court abused its

discretion. See Knowlton v. Deseret Medical Inc., 930 F.2d 

116, 124 (1st Cir. 1991).

 First, plaintiff challenges the trial court's decision

not to admit into the record a state court decision vacating

his convictions for the traffic violations that prompted the

initial stop. The district court was within its discretion,

because the issue of whether plaintiff actually committed the

traffic violations for which he was stopped was not relevant

to whether the police officers used excessive force in the

course of his arrest. Plaintiff did not challenge the

 -2-

legality of the arrest per se, and in any event the

subsequent decision to vacate his convictions for the traffic

violations is only marginally relevant, if at all, to whether

the police officers had a sufficient basis for stopping him

at the time they did.

 Second, plaintiff challenges the trial court's decision

to admit his "mug shot" on grounds that it was substantially

more prejudicial than probative. See Fed. R. Evid. 403. The 

trial court was within its discretion, as the lack of visible

injuries on plaintiff's neck in the photograph was relevant

in that it tended to undermine his testimony that the

defendants had choked him during the arrest. Moreover, the

risk of prejudice from the photograph was minimal. The

photographs were of the very arrest that gave rise to the

lawsuit, and thus -- unlike mug shots for prior arrests --

had no tendency to imply past criminal conduct. Cf. United 

States v. Fosher, 568 F.2d 207 (1st Cir. 1978) (requiring 

safeguards for the introduction of prior mug shots to avoid

eviscerating the rule generally forbidding evidence of prior

criminal acts).

 The judgment of the district court in favor of the 

defendants-appellees is summarily affirmed. Loc. R. 27.1. 

 -3-